# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

VERNON J. PEARSON, III,

     Plaintiff,

v.                          CASE NO. 8:20-cv-1151-T-60TGW

RON DESANTIS,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

     THIS CAUSE came on for consideration upon the plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. 2). The complaint does not comply with the Federal Rules of Civil Procedure, and it fails to state a claim upon which relief may be granted. I therefore recommend that the complaint (Doc. 1) be dismissed, with leave to amend, and the application to proceed in forma pauperis (Doc. 2) be denied.

     The pro se plaintiff filed a complaint for violation of civil rights under 42 U.S.C. § 1983, alleging that his "rights to life, liberty, property/diplomatic immunity" were violated by state or local officials (see Doc. 1, p. 3–5).

     Under 28 U.S.C. § 1915(a)(1), the court may authorize the

filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if the action is frivolous or malicious, or if it fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

The main deficiency with the complaint is that it fails to identify any specific acts committed by Governor Desantis, the only named defendant in this case. The plaintiff brings suit against Governor Desantis in his "private capacity" (see Doc. 1, p. 3). However, the plaintiff fails to identify any specific acts committed by Governor Desantis that entitles the plaintiff to relief. This violates the Federal Rules of Civil Procedure, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." F. R. Civ. P. 8(a)(1).

Further, the complaint fails to allege any cognizable claims under federal law. The plaintiff states vaguely and confusingly that "[t]hey submitted me under U.S. citizen laws when I am an America born on MacDill AFB outside their jurisdiction from Florida…" (Doc. 1, p. 4). He alleges that "Tampa Police filed an affidavit unsworn to stating that I am [illegible] citizen when I identified myself as an American so they locked

2

me up in confinement for months because I wouldn't identify with their claims as a U.S. citizen…" (id.).  He alleges that they—without specifying who "they" are—mishandled his food and did not feed him properly, did not let him take a shower, and wrongly Baker Acted him (id.).

Even construing the complaint liberally, Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998), the plaintiff fails to state a claim upon which relief may be granted.  Accordingly, the complaint (Doc. 1) should be dismissed with leave to file an amended complaint.  28 U.S.C. 1915(e)(2)(B)(ii).  See also Thompson v. Adamson, 247 Fed. Appx. 178, 179 (11th Cir. 2007) ("federal courts have discretion to dismiss pro se claims if they lack an arguable basis either in fact or in law").

Finally, the Federal Rules of Civil Procedure and the Local Rules of the Middle District require all pleadings to include a mailing address, in addition to other pieces of information.  See Fed. R. Civ. P. 11(a); Local Rule 1.05(d).  The plaintiff has not included an address.  Thus, the plaintiff is advised to either update his case file with a mailing address, or to visit the Clerk's Office regularly to check the status of his case to avoid potential dismissal for failure to prosecute.

Accordingly, I recommend that the complaint (Doc. 1) be dismissed with leave to file an amended complaint, and that a ruling on the

Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form) (Doc. 2) be deferred pending filing of the amended complaint.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JUNE 18, 2020.

## NOTICE TO PARTIES

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. 636(b)(1)(C). Under 28 U.S.C. 636(b)(1), a party's failure to object to this report's proposed findings and recommendations waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions.