UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VERNON JEWEL PEARSON, III,

    Plaintiff,

v.                              Case No. 8:20-cv-1151-T-60CPT

RON DESANTIS,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Before me on referral are *pro se* Plaintiff Vernon Jewel Pearson, III's *Amended Complaint for Violation of Civil Rights* and his renewed *Application to Proceed in District Court Without Prepaying Fees or Costs*, the latter of which I construe as a motion to proceed *in forma pauperis* (IFP Motion). (Docs. 7, 8). For the reasons discussed below, I respectfully recommend that Pearson's IFP Motion be denied and that his amended complaint be dismissed.

I.

Pearson, a Tampa resident, initiated this action in May 2020 against Florida governor, Ron DeSantis, alleging that state or local officials infringed his "rights to life, liberty, property/diplomatic immunity" in violation of 42 U.S.C. § 1983. (Doc. 1). Upon referral, Magistrate Judge Thomas G. Wilson issued a Report and

Recommendation (R&R), finding that Pearson's complaint was subject to dismissal because it (1) did not meet the threshold pleading requirements of the Federal Rules of Civil Procedure; and (2) failed to state a claim upon which relief could be granted. (Doc. 5).  Without objection, the Court thereafter issued an Order adopting Judge Wilson's R&R in all respects, dismissing Pearson's complaint, and granting him leave to amend his complaint on or before August 13, 2020. (Doc. 6).

In response to the Court's Order, Pearson timely filed an amended complaint—which is nearly identical to his original pleading—as well as a renewed IFP Motion. (Docs. 7, 8).  While not entirely clear, Pearson appears to allege in his revised complaint that he was treated as a "U.S. citizen" instead of an "American citizen," and that the Tampa Police Department (TPD) falsely imprisoned him as a result of this alleged misclassification. (Doc. 7).  He further asserts, *inter alia*, that the TPD also misidentified him as black, mishandled his food while he was in confinement, and unlawfully Baker-acted him.  *Id.*  Claiming that these actions violated his rights "to expatriation/life[,] liberty[,] pursuit of happiness[, and] diplomatic immunity," Pearson now seeks to sue the Governor under 18 U.S.C. §§ 242 and 245, in addition to 42 U.S.C. § 1983.  *Id.*

In his renewed IFP Motion, Pearson states that he is homeless and has no income, assets, or savings. (Doc. 8).

Following the filing of Pearson's amended complaint and renewed IFP motion, Judge Wilson entered an Order in September 2020 recusing himself from the case, and the Clerk of Court subsequently reassigned the matter to me. (Docs. 11, 12).

2

II.

Although outlined in Judge Wilson's R&R (Doc. 5), the law governing requests to proceed *in forma pauperis* bears repeating here. Pursuant to 28 U.S.C. § 1915, a district court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor" upon a showing of indigency by affidavit. 28 U.S.C. § 1915(a)(1). The court has "wide discretion" to grant or deny an application to proceed *in forma pauperis*, and, in civil cases for damages, the privilege should be granted "sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306-07 (11th Cir. 2004) (citation omitted).

When an application to proceed *in forma pauperis* is filed, the district court must also review the case and dismiss the complaint *sua sponte* if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Bravo v. Loor-Tuarez*, 727 F. App'x 572, 575 (11th Cir. 2018) (citation omitted).[1] As such, "[t]o avoid dismissal, the 'complaint must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face.'" *Gates v. Khokhar*, 884 F.3d 1290,

---

[1] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

1296 (11th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)), *petition for cert. denied*, 139 S. Ct. 807 (Jan. 7, 2019). "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

In evaluating a plaintiff's complaint under this standard, the court must accept all well-pleaded factual allegations as true and view them in the light most favorable to the plaintiff. *Jara v. Nunez*, 878 F.3d 1268, 1271-72 (11th Cir. 2018) (citation omitted). The court, however, "afford[s] no presumption of truth to legal conclusions and recitations of the basic elements of a cause of action." *Franklin*, 738 F.3d at 1248 n.1 (citations omitted).

In conjunction with the notice pleading standards described above, Federal Rules of Civil Procedure 8 and 10 establish the minimum pleading requirements for a complaint. Rule 8 instructs, in relevant part, that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Rule 10 relatedly mandates that the complaint "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," and that "each claim founded on a separate transaction or occurrence . . . be stated in a separate count." Fed. R. Civ. P. 10(b). Taken in combination, Rules 8 and 10 "work together to require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive

pleading, [and] the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted. . . ." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996) (quotation omitted).

Although *pro se* pleadings are to be construed liberally, the courts are not to serve as *de facto* counsel for *pro se* litigants, nor are they to "rewrite an otherwise deficient pleading in order to sustain an action." *GJR Invs., Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled in part on other grounds as recognized in Randall v. Scott*, 610 F.3d 701, 709 (11th Cir. 2010) (citation omitted).

### III.

In this case, while it appears Pearson qualifies as indigent for purposes of section 1915(a)(1), his amended complaint suffers from many of the same infirmities as those previously outlined by the Court, beginning with the manner in which it is pleaded. In particular, in contravention of both the Court's admonitions and the requirements imposed by Rules 8 and 10, Pearson's amended complaint contains only a vague recitation of his grievances that is devoid of any specific facts in support of his claim(s); offers only conclusory allegations of harm; neglects to specify how Governor DeSantis is involved in the conduct at issue; and fails to identify in any meaningful way how the Governor is subject to liability. *See Iqbal*, 556 U.S. at 788 (observing that Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation") (citation omitted); *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322-23 (11th Cir. 2015) (noting that complaint containing "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" fail to

5

satisfy Rules 8 and 10). The fact that Pearson is proceeding *pro se* does not excuse his failure to comply with these basic pleading requirements. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In addition to these deficiencies, Pearson's complaint fails to state a claim upon which relief can be granted. Two of the federal statutes he cites—namely, 18 U.S.C. §§ 242 and 245—relate to criminal offenses and do not provide grounds for Pearson to sue. *Paletti v. Yellow Jacket Marina, Inc.*, 395 F. App'x 549, 552 n.3 (11th Cir. 2010) (explaining that section 242 is a criminal statute and does not create a private right of action); *Boatman v. Fortenberry*, 2017 WL 1424638, at *5 (N.D. Fla. Mar. 22, 2017) (finding plaintiff's claims under 18 U.S.C. § 242 subject to dismissal because "the power to prosecute criminal cases is vested exclusively in the Executive Branch") (citations omitted), *report and recommendation adopted*, 2017 WL 1428713 (Apr. 20, 2017); *Winter v. R4 Grp. Inc.*, 2012 WL 1988707, at *2 (M.D. Fla. May 18, 2012), *report and recommendation adopted*, 2012 WL 1987097 (M.D. Fla. June 4, 2012) (stating that section 245 is a criminal statute for which no private civil cause of action exists).

Pearson's reliance on section 1983 fares no better. In order to prevail on a section 1983 claim, a plaintiff must assert that (a) the defendant acted under color of state law, and (b) the defendant's conduct deprived the plaintiff of a right secured under the Constitution or federal law. *Arrington v. Cobb Cty.*, 139 F.3d 865, 872 (11th Cir. 1998), *as amended* (May 28, 1998). "These two elements are jurisdictional requisites for a section 1983 action." *Nail v. Cmty. Action Agency of Calhoun Cty.*, 805 F.2d 1500, 1501 (11th Cir. 1986); *see also Ladd v. Net Spend*, 2020 WL 982006, at *3 (N.D. Fla.

6

Jan. 28, 2020), *report and recommendation adopted*, 2020 WL 980145 (N.D. Fla. Feb. 28, 2020) (same).  Putting aside the fact that Pearson fails to allege any personal involvement by Governor DeSantis in any of the challenged actions, his claim(s) against the Governor is (are) rooted in a theory that he was treated as a U.S. Citizen instead of an American citizen.  As Judge Wilson previously explained in his R&R (Doc. 5 at 2-3), such a theory lacks a cognizable basis upon which to impose liability against the Governor under the Constitution or federal law.

IV.

Based upon the above, I recommend that the Court:

1. Deny Pearson's IFP Motion (Doc. 8);

2. Dismiss his amended complaint (Doc. 7); and

3. Direct the Clerk of Court to terminate any pending motions and deadlines and to close the case.

Respectfully submitted this 24th day of November 2020.

_____
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

## NOTICE TO PARTIES

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections, or to move for an extension of time to do so, waives that party's right to challenge on appeal any unobjected-to factual finding(s) or legal conclusion(s) the District Judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Copies to:
Honorable Thomas P. Barber, United States District Judge
*Pro se* Plaintiff